IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

KRISTOPHER MORGAN                                        PLAINTIFF

v.                    Civil No. 5:22-cv-05123

P. VOSITO, Parole Officer Phoenix House;
CLINT, Director of Phoenix House; NICK,
Director of Returning Home/Phoenix House;
DETECTIVE WILSON; WASHINGTON COUNTY;
MATT DURRETT, Prosecuting Attorney; and
DISTRICT COURT JUDGE MARK LINDSEY            DEFENDANTS

### REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

This is a civil rights action filed by the Plaintiff pursuant to 42 U.S.C. § 1983. Plaintiff proceeds *pro se* and *in forma pauperis.* Plaintiff is incarcerated in the Washington County Detention Center.

Pursuant to the provisions of 28 U.S.C. §§ 636(b)(1) and (3), the Honorable Timothy L. Brooks, United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation. The case is before the Court on Plaintiff's failure to obey the Orders of the Court.

### I. DISCUSSION

By Order (ECF No. 3) entered on June 27, 2022, Plaintiff was directed to file an amended complaint. The amended complaint was to be filed by July 20, 2022. Plaintiff was advised that if he failed to comply with the Order the case "shall be subject to dismissal."

On July 25, 2022, a Show Cause Order (ECF No. 11) was entered directing the Plaintiff to show cause why he had not filed an amended complaint. Plaintiff's response to the Show Cause Order was due by August 15, 2022.

1

To date, Plaintiff has not filed an amended complaint. Plaintiff has not responded to the Show Cause Order. Plaintiff has not sought an extension of time to comply with the Orders. No mail has been returned as undeliverable.

The Court notes Plaintiff has another pending case styled *Morgan v. Phaypanya, et al.*, Civil No. 5:22-cv-05130, in which he named these same Defendants, among others, and the case also concerns a search of Plaintiff's property occurring on April 27, 2022. The existence of this second case may explain Plaintiff's failure to follow through with this one. The correct course of action, however, would have been for Plaintiff to voluntarily dismiss this case and he has not done so.

The Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the ground that the plaintiff failed to prosecute or failed to comply with an order of the court. Fed. R. Civ. P. 41(b); *Line v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (stating that the district court possesses the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order." *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (emphasis added). Additionally, Rule 5.5(c)(2) of the Local Rules for the Eastern and Western Districts of Arkansas requires parties appearing *pro se* to monitor the case, and to prosecute or defend the action diligently.

## II.  CONCLUSION

For these reasons, it is recommended that this case be **DISMISSED WITHOUT PREJUDICE** pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, based on Plaintiff's failure to prosecute this case, his failure to obey the order of the Court, and his failure to comply with Local Rule 5.5(c)(2).

**The parties have fourteen days from receipt of the Report and Recommendation in**

**which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 23rd day of August 2022.

*Christy Comstock*
_____
CHRISTY COMSTOCK
UNITED STATES MAGISTRATE JUDGE